John D. and Mamie Walker v. Commissioner.
Walker v. Commissioner
Docket No. 48350.
United States Tax Court
T.C. Memo 1956-237; 1956 Tax Ct. Memo LEXIS 56; 15 T.C.M. (CCH) 1234; T.C.M. (RIA) 56237; October 26, 1956
*56 Richard W. Janes, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: Petitioners are husband and wife, residing in Los Angeles, California. John D. Walker will hereinafter sometimes be referred to as petitioner. The Commissioner determined deficiencies in income tax as follows: 50%
25%
10%
6%
Addition
Addition
Addition
Addition
Year
Deficiency
to Tax
to Tax
to Tax
to Tax
1948
$1,919.82
$959.91
$479.96
$191.98
$115.19
1949
487.62
243.81
121.91
48.76
29.26
1950
627.38
313.69
156.85
62.74
37.64
1951
868.60
434.30
217.15
86.86
52.12
This case has been on the calendar of this Court a number of times, and was continued from time to time, there having been no appearance by or on behalf of petitioners except on the first occasion. It was finally called for hearing on September 24, 1956, when there was no appearance by or on behalf of petitioners. The Court proceeded with the trial of the case after being satisfied that petitioners had been given due notice of the hearing. The year 1949 is not before the Court since the petition fails to allege any error with respect *57 to that year. As to the other years, petitioners' failure to present any evidence calls for decision against them except for the so-called 50 per cent fraud penalty with respect to which the Commissioner assumed the burden of proof. The evidence presented by the Commissioner satisfies us that he has carried that burden and we find as a fact taht at least part of the deficiency for each year was due to fraud. The evidence shows that petitioners did not file returns for the tax years, that petitioner John D. Walker was engaged in illegal narcotics activities, that he failed to make available any books or records disclosing his income. In the circumstances, Government agents attempted to reconstruct income on the net worth basis, after a painstaking investigation of bank accounts, real estate escrow records, of petitioner's purchase of a Cadillac automobile, and various other records. The net worth statement was introduced in evidence and we find as a fact that it is correct. The Commissioner's determination must be approved in all respects, [1] except as to 1949 which is not before the Court. *58 Decision will be entered accordingly. Footnotes
1. The record discloses that there have been certain jeopardy assessments and payments with respect thereto. However, they will not be reflected in our decision, it being understood that such assessments and payments will be taken into account administratively.↩